BOLIN, Judge.
Percy W. Parker was driving his Oldsmobile station wagon on a city street in Monroe, Louisiana, when it was struck from the rear by a Rambler automobile driven by Mrs. Mary Hall and insured by Allstate Insurance Company. After trial, but prior to judgment, defendant conceded liability but denied plaintiff was entitled to damages for personal injuries. For written reasons the lower court awarded Parker $410.18 for the damage to his station wagon, $150 for personal injuries and $125 for medical expenses. From this judgment Parker appeals.
Since defendant has neither appealed nor answered the appeal, the only issue is whether the award should be increased.
Parker contends awards for both the property damage and personal injuries were insufficient. Several estimates of the cost of repairing the station wagon were obtained. The trial judge accepted an estimate of $373.36 submitted by a local Oldsmobile retail dealer at Monroe, and, following trial, added $36.86 for repairs not included in the original estimate. We find no error in this portion of the judgment.
The serious question is whether or not $150 is sufficient to compensate Parker for his personal injuries. The accident occurred on August 5, 1967, when Parker’s station wagon was struck rather severely from the rear by the car driven by Mrs. Hall. Immediately after the collision Parker talked with Mrs. Hall to ascertain if she had been injured. He made no complaint of having sustained any personal injuries. Within a few days he was contacted by an adjuster for Allstate and Parker told him he was not hurt in the accident and was only interested in collecting damages for his car. In October, 1967, he was visited by another adjuster for Allstate who questioned him about personal injuries in order that the adjuster would be able to report to his company under the medical section of the policy. Parker told this adjuster he had been experiencing some difficulty with his neck but he did not desire to press any claim for personal injuries.
Parker operated a hardware store and did not miss any days from work as a result of the accident. However, within a few days after the wreck he complained to his wife of a slight stiffness and pain in his neck, particularly when he attempted to turn his head to the right.
Parker consulted Dr. Frank X. Cline, orthopedic surgeon, on February 9, 1968. This was the only doctor who treated plaintiff and the only doctor who testified during the trial of the case. Dr. Cline said he had seen Parker in his hardware store several months prior to the examination, at which time Parker had told him he was having neck pains and was experiencing difficulty in turning his head to the right. He testified he gave Parker some “curb *658 stone” advice to use heat on his neck and to take aspirin for the relief of pain.
From Dr. Cline’s thorough examination on February 9, 1968, he concluded Parker had a “deseparation injury where the head is forced back into a hyperextended position”. He classified the injury as in the “spectrum between mild and moderate”. His examination further revealed Parker’s pain was not severe and the limitation of the neck motion occurred only when he abruptly rotated his head to the right. Dr. Cline placed Parker in traction, prescribed muscle relaxants and advised him to apply moist heat to his neck. Dr. Cline reexamined and treated plaintiff several times after the initial visit and on December 6, 1968, he found Parker had a 10 to 15 degree limitation of rotation of the head to the right. He could find no objective signs to relate Parker’s injuries to the accident but was of the opinion that the symptoms and complaints were compatible with the accident.
Parker gives a reasonable explanation of why he never missed work and why he did not instantly complain to the insurance company. He was under the impression his injuries were so minor they would soon disappear. He also said he did not like to visit doctors or take medication, and that he was concerned about over exposure to X-ray since he had previously had X-ray treatment for various conditions. Parker did not contend he was seriously injured or that his pain was severe, but he insisted he had experienced limitation in the rotation and turning of his neck and a dull pain even up to the date of trial. The record impresses us that Parker gave a fair and honest account of his physical condition.
The trial judge found Parker was injured, that such injury was related to the accident, and, in fact, awarded plaintiff $125 for his medical expenses.
La.C.C. Art. 1934(3) provides that in the assessment of damages in a tort case “much discretion must be left to the judge or jury”. Cases interpreting the quoted portion of the codal article hold the law is plain and the trial judge’s assessment of damages is entitled to' great weight and should not be disturbed unless the appellate court’s review of the facts and the law discloses a clear abuse of that discretion. We are under a mandate to review both the law and the facts and, should we find the award to be so inequitable as to constitute an abuse of discretion, it becomes our duty to alter the award.
An award of $150 to Parker for his personal injuries is so inadequate as to constitute an abuse of the discretion vested in the trial judge. We think an award of $1500 for the injuries received by Parker in the instant case would be appropriate.
For the reasons assigned the judgment appealed from is amended so as to increase the judgment in favor of Percy W. Parker from $685.18 to $2035.18. As thus amended the judgment is affirmed at appellee’s cost.